**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
UNITED STATES OF AMERICA,             :
                                                                  :
                                                                  :       16 Cr. 500 (RMB)
                         - against -                         :
                                                                  :       **DECISION & ORDER**
CESAR SANCHEZ,                              :
                                                                  :
                         Defendant.                       :
------------------------------------------------------------x

Having reviewed the record herein, including without limitation: (1) Defendant Cesar Sanchez's motion, filed pro se, dated May 11, 2020, requesting that the Court "grant him compassionate release" pursuant to the compassionate release provisions in 18 U.S.C. § 3582. See Mot. at 1, 3. Sanchez contends that the risk posed by the COVID-19 pandemic to him, a 39-year-old male who "suffers from seizure disorders, panic disorders, uncontrolled tics, and a family history of heart-related deaths," constitutes "extraordinary and compelling" circumstances. Id. at 2-3; and (2) the Government's response, dated June 16, 2020, opposing Sanchez's release contending: (i) there are no "extraordinary and compelling" circumstances warranting Sanchez's release; and (ii) releasing Sanchez early would not be supported by the § 3553(a) sentencing factors. See Opp. at 3-4. The Government also requests that Sanchez's BOP medical records, filed as Exhibit A to its response ("Exhibit A"), be filed under seal. Id. at 3 n.1, **the Court hereby accepts Sanchez's medical records under seal but denies Sanchez's motion for a compassionate release, as follows**:

I.  **Background**

On October 2, 2018, Sanchez pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of Title 21, United

States Code, Sections 846 and 841(b)(1)(B). See Oct. 2, 2018 Plea Hr'g. Tr. at 8:11-13. On January 23, 2019, the Court sentenced Sanchez to 68 months imprisonment to be followed by 5 years of supervised release. See Jan. 23, 2019 Judgment. Sanchez is incarcerated at FCI Fort Dix, a low-security facility in New Jersey with an adjacent minimum-security camp. See Opp. at 1-2; https://www.bop.gov/locations/institutions/ftd/. He has served approximately 16 months of his 68-month sentence and is not scheduled for release until February 21, 2024. See Opp. at 1. Sanchez also submitted a request for compassionate release "within the Bureau of Prisons" on May 5, 2020, which the BOP denied on May 11, 2020. See Opp. at 1.

## II.    Legal Standard

18 U.S.C. § 3582(c)(1)(A) provides in part:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . .

United States Sentencing Commission policy statement U.S.S.G. § 1B1.13 provides that a court may reduce a term of imprisonment if "extraordinary and compelling reasons warrant the reduction," "the defendant is not a danger to the safety of any other person or to the community . . .," and "the reduction is consistent with this policy statement." Application Note 1 states in part that extraordinary and compelling reasons may exist if: (1) "[t]he defendant is . . . suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" or (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process;

2

and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less."

### III. Findings

The Court's findings are as follows:

1. The Government states that Sanchez, who is 39 years of age, "has exhausted [his] administrative remedies because he moved within the Bureau of Prisons [] for compassionate release more than 30 days ago." See Opp. at 1. Accordingly, the Court may consider Sanchez's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). *See U.S. v. Burman*, 2020 WL 3182766, at *2 (S.D.N.Y. June 13, 2020) ("Because more than thirty days have passed since [defendant] petitioned BOP for compassionate release, he is deemed by statute to have exhausted his administrative remedies").

2. The medical conditions identified by Sanchez – "seizure disorders, panic disorders, uncontrolled tics, and a family history of heart related deaths" – do not on their face put Sanchez at high risk of severe illness from COVID-19. *See U.S. v. Poncedeleon*, 2020 WL 3316107, at *3 (W.D.N.Y. June 18, 2020) ("Most of [defendant's] medical conditions – seizures . . . anxiety – are not believed to present a higher risk of complications [due to COVID-19]"); *U.S. v. Malone*, 2020 WL 3026467, at *3 (D.Conn. June 4, 2020) ("the Court [cannot] identify any [] CDC resource which indicates that individuals . . . who have a family history of heart disease (with no personal history or diagnosis of heart disease) are at heightened risk from COVID-19"). Moreover, Sanchez's BOP medical records reflect that: (1) "[h]e has not had a seizure in [over] 10 years and is on no seizure medication;" (2) the BOP is treating Sanchez's anxiety; and (3) Sanchez's cardiovascular readings are "within normal limits." See Opp. Ex. A at 3, 6, 24.

3. At the same time, Sanchez's BOP medical records show that he has a body mass index ("BMI") of 38.2 which, according to the CDC, "increase[s] [his] risk of severe illness from COVID-19." *See U.S. v. Shah*, 2020 WL 3578103, at *2 (S.D.N.Y. June 30, 2020); https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html (updated June 25, 2020) ("Having obesity, defined as a [BMI] of 30 or above, increases your risk of severe illness from COVID-19"); Opp. Ex. A at 24, 59. Sanchez's BOP medical records do not appear to reflect any complications related to his BMI or weight. See Opp Ex. A.

4. FCI Fort Dix appears to be responding to the COVID-19 pandemic and "is not a facility that has seen a massive outbreak of COVID-19." *See U.S. v. Garcia*, 2020 WL 2468091, at *5 (S.D.N.Y. May 13, 2020); Opp. at 3; *U.S. v. Chappell*, 2020 WL 3415229, at *3 (S.D.N.Y. June 22, 2020) ("FCI Fort Dix has made [] efforts to contain the spread of the virus, including implementing screening procedures, inmate temperature and symptom checks, the distribution and mandatory use of masks, and extensive cleaning and disinfecting measures . . . . The record also demonstrates that [defendant] is regularly receiving appropriate medical care"); *see also U.S v. Hilliard*, 2020 WL 3182778, at *2 (S.D.N.Y. June 15, 2020) (where "FCI Fort Dix has taken substantial measures to respond to the COVID-19 threat at its facility, which have in fact mitigated its spread, and has the means to competently care for its inmate population"). As of July 6, 2020, it appears that 39 of the nearly 2,800 inmates at FCI Fort Dix have tested positive for COVID-19. See https://www.bop.gov/coronavirus/. None of the inmates where Sanchez is housed has tested positive. See Opp. at 3.

5. Although, as noted, Sanchez "has [a] medical condition[] that the CDC has recognized may present risk of severe complications from COVID-19 . . . [namely] obesity . . . [his] BOP medical records show that the BOP is managing his conditions, which weighs against a

finding of extraordinary and compelling circumstances." *See U.S. v. Foozailov*, 2020 WL 3268688, at *2 (S.D.N.Y. June 17, 2020); *see also U.S. v. Decker*, 2020 WL 3268706, at *2 (S.D.N.Y. June 17, 2020) ("defendant has reported . . . that he is obese . . . [b]ut this is not enough to warrant compassionate release, even in the present circumstances . . . [because] affliction with various medical conditions alone is insufficient to justify compassionate release"); *U.S. v. Kerrigan*, 2020 WL 2488269, at *3 (S.D.N.Y. May 14, 2020) ("[defendant] has failed to articulate an extraordinary and compelling reason why his sentence should be reduced . . . [defendant] is significantly younger than 65 years old, and while obesity . . . may indicate 'high risk' according to the CDC, none of the other medical issues that [defendant] asserts indicate that he suffers from other primary risk factors looked to by courts, such as asthma, diabetes, or immunocompromization").

6. Even if Sanchez had established "extraordinary and compelling" circumstances warranting his early release (which he has not), the Court likely would deny his motion because Sanchez poses a danger to the community. See U.S.S.G. § 1B1.13. Among other reasons: (1) "Sanchez was charged for participating in a conspiracy to distribute cocaine that had been sent to New York City from Puerto Rico." See Opp. at 1; (2) "The drug-trafficking organization in which [Sanchez] was a participant was extensive, and it included numerous members, dozens of shipments through the mail, and massive quantities of cocaine." See Jan. 13, 2019 Gov't Ltr. at 3; (3) according to the Government, "Sanchez has a lengthy criminal history that includes . . . multiple convictions for drug offenses, including a 2008 conviction in this District." Id. at 1; and (4) "disciplinary records from the BOP show that he committed a serious violation by 'possessing a hazardous tool' in February 2020." See Opp. at 4. "[T]he Court cannot find that [Sanchez] is not a danger to the safety of any other person or to the community . . . [because] the underlying conduct that led to [his] incarceration gravely

5

endangered the community and reflects an individual who is accustomed to distributing controlled and highly addictive substances in his community." *See U.S. v. Batista*, 2020 WL 3249233, at *3 (S.D.N.Y. June 16, 2020) (quotations omitted); *Garcia*, 2020 WL 2468091, at *5-6.

7. "[T]he sentence reduction now sought by the defendant . . . would fail to satisfy any of the purposes of sentencing," namely "to reflect the seriousness of the offense, to promote respect for the law, [] to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, [and] to protect the public from further crimes of the defendant." *See Garcia*, 2020 WL 2468091, at *6; 18 U.S.C. § 3553(a)(2)(a)-(c); *see also Batista*, 2020 WL 3249233, at *4.

## IV. Conclusion & Order

Defendant Sanchez's motion for compassionate release [Dck. # 446] is respectfully denied. The Government's request to file Exhibit A under seal is granted. *See U.S. v. Daugerdas*, 2020 WL 2097653, at *3 n.2 (S.D.N.Y. May 1, 2020).

Dated: New York, New York
July 7, 2020

_____
**RICHARD M. BERMAN, U.S.D.J.**

6