UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

                      Government,

- against -

CESAR SANCHEZ,

                      Defendant.
------------------------------------------------------------x

16 Cr 500 (RMB)

**DECISION & ORDER**

      This Decision & Order resolves defendant Cesar Sanchez' ("Sanchez") fourth motion for compassionate release, submitted through counsel on December 8, 2021 ("Motion"). For the reasons stated below, the Motion is respectfully denied.[1]

I. Background

      On October 2, 2018, Sanchez pleaded guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). Sanchez' Sentencing Guidelines range was 70 to 87 months; his offense level was 23; and his criminal history category was IV. (PSR ¶ 118.) On January 23, 2019, the Court sentenced Sanchez to 68 months imprisonment followed by 5 years of supervised release. (See Jan. 23, 2019 Judgment.)

      On February 24, 2022, Sanchez was transferred by the BOP from FCI Fort Dix in New Jersey to a halfway house in Brooklyn, New York pursuant to 18 U.S.C. § 3624, which directs the BOP to place an inmate in a halfway house for up to 12 months prior to the end of the inmate's

---

[1] Any issues or arguments raised by the parties but not specifically addressed in this Decision & Order have been considered by the Court and rejected.

1

term of incarceration.[2] See Inmate Database, BOP; see also Govt. Opp. 2. Sanchez' projected release date is February 21, 2023. See Inmate Database, BOP.

On July 7, 2020, the Court denied Sanchez' first pro se motion for compassionate release, dated May 11, 2020. Sanchez had contended that "[he] is at an extremely high risk of contracting COVID-19 . . . at FCI Fort Dix" because of "seizure disorders, panic disorders, uncontrolled tics, and a family history of heart related deaths." (First Mot. 1.) In denying Sanchez' first motion, the Court found that: (i) the medical conditions identified by Sanchez do not on their face put Sanchez at high risk of severe illness from COVID-19; (ii) "FCI Fort Dix appears to be responding to the COVID-19 pandemic and is not a facility that has seen a massive outbreak of COVID-19"; and (iii) "The sentence reduction [ ] sought by [Sanchez] would fail to satisfy any of the purposes of sentencing." July 7, 2020 Ord. at 3-6 (citation and quotation marks omitted).

On January 24, 2021, the Court denied Sanchez' second pro se motion for compassionate release, dated December 14, 2020. Sanchez had contended that: (i) he is obese and "obes[e] individuals are vulnerable to the COVID-19 virus"; and (ii) "COVID-19 has bec[o]me widespread [at FCI Fort Dix] [and] ... he [is] forced to endure [a] high risk of being infected with COVID-19." (Second Mot. 2, 5, 15.) In denying Sanchez' second motion, the Court found that: (i) "although Sanchez ... [is] obes[e], his BOP medical records show that the BOP is managing his conditions"; (ii) "Sanchez [has been] infected with COVID-19" but "[he] appears to be receiving adequate

---

[2] 18 U.S.C. § 3624(c)(1) states: "The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility." In determining whether to place a prisoner in a halfway house, the BOP considers, among other things, "public safety" and the prisoner's "risk to the community." Federal Bureau of Prisons, Guidance for Home Confinement and Residential Reentry Center Placements (2013).

medical treatment at FCI Fort Dix"; and (iii) "Sanchez poses a danger to the community and the 18 U.S.C. § 3553(a) factors weigh against granting [ ] compassionate release." Jan. 24, 2021 Ord. at 3-4, 5 (citation omitted).

On May 27, 2021, the Court denied Sanchez' third pro se motion for compassionate release, dated January 19, 2021. Sanchez had contended, among other things, that: (i) "by January 2, 2021 an outbreak of the COVID-19 [virus had] begun to spread through [his] housing unit" and FCI Fort Dix had "failed to protect inmates"; and (ii) Sanchez was "being forced to endure shortness of breath, constant[] d[i]zziness, body aches, fever and sleeplessness." (Third Mot. 1-3.) In denying Sanchez' third motion, the Court found that: Sanchez "quickly recovered" from COVID-19, his "risk of reinfection is extremely low," he "refused vaccination"; and "[a] sentence reduction in Sanchez' case would be inconsistent with the § 3553(a) sentencing factors." May 27, 2021 Ord. at 3-5.

II.  Sanchez' Current (Fourth) Motion for Compassionate Release

Sanchez' current Motion contends that: (i) he is "particularly vulnerable to serious illness or death if infected by COVID-19 due to multiple underlying conditions"; (ii) "he already suffered exposure to the novel coronavirus (covid-19) and he is suffering severe anxiety from the potential of being exposed to the delta variant"; and (iii) the 18 U.S.C. § 3553(a) factors weigh in favor of granting his motion because he "is a remorseful, rational, and reformed model prisoner." (Mot. 2, 15.)

The Government opposes the Motion, responding that: (i) Sanchez "continues to refuse to be vaccinated against" COVID-19; and (ii) "the factors set forth in 18 U.S.C. § 3553(a) weigh heavily against the sentence reduction Sanchez seeks." (Gov't Opp. 1, 3). The Government also

3

provided Sanchez' BOP medical records from November 2, 2020 to April 27, 2021 (Med. Records I) and from February 17, 2021 to January 12, 2022 (Med. Records II).³

III.     Legal Standard

"Before a compassionate-release motion can be considered on the merits, the defendant must exhaust administrative remedies." United States v. Williams-Bethea, 464 F. Supp. 3d 562, 565 (S.D.N.Y. 2020).

When considering an application under 18 U.S.C. § 3582(c)(1)(A)(i), "a court may reduce a defendant's sentence only if it finds that extraordinary and compelling reasons warrant such a reduction." United States v. Beniquez, 2021 WL 260225, at *2 (S.D.N.Y. Jan. 26, 2021) (internal quotation marks omitted). "The defendant bears the burden of proving that he is entitled to compassionate release." United States v. Phillibert, 2021 WL 3855894, at *2 (S.D.N.Y. Aug. 27, 2021).

The Court looks to § 1B1.13 of the Sentencing Guidelines for "guidance in the exercise of its discretion." United States v. Rodriguez, 2020 WL 7640539, at *3 (S.D.N.Y. Dec. 23, 2020). The district court may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).

The 18 U.S.C. § 3553(a) factors, including the danger a defendant poses to the community, "override any extraordinary and compelling reasons justifying his release." United States v. Serrano, 2020 WL 5259571, at *4 (S.D.N.Y. Sept. 3, 2020); accord United States v. Keitt, 21 F.4th 67, 73 (2d Cir. 2021).

---

³ The Government has requested that Sanchez' medical records be maintained under seal.

IV. <u>Medical Findings</u>

1. Sanchez is 41 years of age. He tested positive for COVID-19 on January 4, 2021. (<u>See</u> Med. Records I at 2.) On January 25, 2021, FCI Fort Dix medical personnel determined that Sanchez had recovered from COVID-19. (<u>Id.</u> at 51.)

2. Sanchez has twice refused the COVID-19 vaccine, first on March 18, 2021 and again on August 5, 2021. (<u>See</u> Med. Records II at 55.)

3. Sanchez tested negative for COVID-19 on January 10, 2022. (Med. Records II at 54.)

V. <u>Analysis</u>

The Court denies Sanchez' Motion principally because he fails to show extraordinary and compelling circumstances warranting early release, and the 18 U.S.C. § 3553(a) factors weigh against a sentence reduction.

<u>Exhaustion of Administrative Remedies</u>

Sanchez' Motion states that he "has already been denied relief by the Warden" and that "[m]ore than 30 days have passed." (Mot. 9.) The Government observes that "[i]t is unclear whether [Sanchez' statement] refers to a prior denial, in connection with one or more of the defendant's first three applications, or a more recent denial; no records reflecting the denial are included in his submission." (Gov't Opp. 1.) Although Sanchez has not provided a record of the warden's denial, the Court assumes without deciding that exhaustion is not a barrier to relief.

<u>Failure to Show Extraordinary and Compelling Reasons for Sentence Reduction</u>

The Court previously noted that Sanchez "quickly recovered" after contracting COVID-19 at FCI Fort Dix during the period January 4, 2021 to January 25, 2021. See <u>May 27, 2021 Ord.</u> at 3. "Where a defendant has contracted and recovered from coronavirus, courts in this district have declined to find extraordinary and compelling factors favoring release." <u>United States v. Wedd</u>, 2021 WL 1338754, at *2 (S.D.N.Y. Apr. 9, 2021).

Sanchez refused the Pfizer/BioNTech COVID-19 vaccine twice while at FCI Fort Dix. (See Med. Records II at 55.) "[C]ourts in this district and elsewhere have nearly uniformly denied compassionate release sought for medical reasons [when] ... the defendant refused the COVID-19 vaccine." United States v. Robinson, 2021 WL 1565663, at *3 (S.D.N.Y. Apr. 21, 2021); accord United States v. King, 2021 WL 736422, at *2 (S.D.N.Y. Feb. 24, 2021).

And, Sanchez has been transferred from FCI Fort Dix to a halfway house in New York. His concern regarding "the lack of resources and treatment that are being provided in Fort Dix" is moot. (See Mot. 16); see also United States v. Terry, 2021 WL 4060463, at *3 (E.D. Pa. Sept. 7, 2021) ("Defendant is no longer incarcerated in prison but rather is currently at a halfway house. . . . [T]he generalized threat of the COVID-19 pandemic to the public is not an extraordinary and compelling reason for granting compassionate release.").

## The 18 U.S.C. § 3553(a) Factors Weigh Against Early Release

The Court also finds that the factors set forth at 18 U.S.C. § 3553(a) weigh against reducing Sanchez' sentence. Sanchez' offense level was 23; his criminal history category was IV; and the Guidelines range was 70 to 87 months imprisonment. (PSR ¶ 118.) He participated in "a significant drug trafficking organization, based in the New York City area and Puerto Rico that imported and distributed dozens of kilograms of cocaine [worth] ... thousands of dollars ... in the New York City area." (PSR ¶¶ 22, 25.) At sentencing, the Government stated that "[t]he [drug trafficking] [o]rganization's activities—and the defendant's conduct—contributed to dangerous and damaging effects of narcotics upon the community." See Gov't Sentencing Submission at 3. And, the Court has previously noted that "[t]he underlying conduct that led to [Sanchez'] incarceration gravely endangered the community and reflects an individual who is accustomed to distributing controlled and highly addictive substances in his community." July 7, 2020 Ord. at 3; see also United States

v. Colon, 2020 WL 4496761, at *1-2 (S.D.N.Y. Aug. 4, 2020) (Defendant participated in "a massive narcotics conspiracy [involving] ... cocaine — a highly addictive drug that destroys lives, families, and communities. Reducing his sentence [ ] would hardly reflect the seriousness of that offense.").

Sanchez' criminal history is "substantial." See May 27, 2021 Ord. at 5. He was convicted of four drug offenses between 2000 and 2014, including: (i) criminal possession of a controlled substance (for which he was sentenced to three years imprisonment); (ii) conspiracy to possess with intent to distribute MDMA (for which he was sentenced to 32 months imprisonment); (iii) possession with intent to distribute ecstasy; and (iv) possession of marijuana. (See PSR ¶¶ 60-63). And, according to the Government, "disciplinary records from the BOP show that he committed a serious violation by 'possessing a hazardous tool'" while in prison in February 2020. (Gov't Opp. 3); see also United States v. Moye, 2020 WL 6273905, at *2 (S.D.N.Y. Oct. 26, 2020).

In sum, "[t]he sentence reduction now sought by [Sanchez] would fail to satisfy any of the purposes of sentencing, namely to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant." May 27, 2021 Ord. at 4 (citing Jan. 24, 2021 Ord. at 7-8 and July 7, 2020 Ord. at 6).

VI. Conclusion & Order

For the foregoing reasons, the Motion (ECF No. 527) is respectfully denied. The Government's request to file Sanchez' BOP medical records under seal is granted.

Dated: New York, New York
May 3, 2022

*Richard M. Berman*
**RICHARD M. BERMAN, U.S.D.J.**