UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>CESAR SANCHEZ,<br><br>Defendant. | 16-CR-500 (RMB)<br>(2:23-CR-615 (SDW))<br><br>ORDER |

**I. Background**

On October 2, 2018, Cesar Sanchez ("Sanchez" or "Defendant") pled guilty to one count of "conspiracy to distribute and possess with intent to distribute cocaine" in violation of 21 U.S.C. § 846, § 841(b)(1)(B). *See* Judgment, dated Jan. 23, 2019, at 1 (ECF No. 352). On January 23, 2019, Sanchez was sentenced to a 68-month term of imprisonment and five years of supervised release. *See id.* Sanchez completed his period of incarceration and has begun his term of supervised release as of May 30, 2023.

On July 26, 2023, this Court transferred jurisdiction over Sanchez's supervised release to the United States District Court for the District of New Jersey, pursuant to 18 U.S.C. § 3605. *See* Order Transferring Jurisdiction, dated Jul. 26, 2023 (ECF No. 610); 18 U.S.C. § 3605 (sentencing court may "transfer jurisdiction over a . . . person on supervised release to the district court for any other district . . . with the concurrence of such court"). The District of New Jersey accepted jurisdiction over Sanchez on August 1, 2023. *See* Order Accepting Jurisdiction, dated Aug. 1, 2023, at 1 (ECF No. 610).

On January 4, 2024, Defendant submitted to this Court a *pro se* petition for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 821 to the

1

United States Sentencing Guidelines. *See* Def.'s Mot., dated Jan. 4, 2024, at 1 (ECF No. 642). Sanchez contends that he "meets all the criteria required to receive the application of the 2-point [offense level] reduction under Part B. Subpart 1 of Amendment 821" and that "[i]f the court were to apply the 2-point reduction, this would effectively reduce his term of supervised release." *See* Def's Motion, dated Jan. 4, 2024 at 2 (ECF No. 642).

## II. Analysis

"Once the transfer [of jurisdiction] is effected, the transferor court no longer has jurisdiction to exercise the powers that may be exercised by the transferee court." *See United States v. El Herman*, 971 F.3d 784, 785-86 (8th Cir. 2020). "Section 3605 allows a transferee court to take full jurisdiction from the transferor court and to exercise all powers specified in the statute." *Id.* (internal quotation marks omitted). Those powers include authority to resolve motions made pursuant to 18 U.S.C. § 3582 which appears in subchapter D of chapter 227 of Title 18. *See id.* at 786.

## III. Conclusion and Order

For the foregoing reasons, the Clerk of Court is respectfully requested to transfer Sanchez' Motion to the District of New Jersey forthwith.

*RMB*

Richard M. Berman
United States District Judge

Dated: March 4, 2024
New York, New York

2