**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| UNITED STATES OF AMERICA, |
| |
| -against- |
| |
| CESAR SANCHEZ, |
| Defendant. |

16-CR-500 (RMB)

**ORDER**

      The Court is in receipt of an early termination of supervised release motion (attached) from Mr. Cesar Sanchez, who is 23 months into his five-year term of supervision. The Court's practice is to actively participate in a series of supervised release hearings throughout the term of supervision and together with the U.S. Probation Department, the Government, and defense counsel, determine whether early termination of supervision is appropriate.

      The Court did not become involved in supervised release in this case. The reason is that on July 26, 2023, this Court transferred jurisdiction of the case along with jurisdiction over supervised release to the District of New Jersey. *See* Transfer of Jurisdiction, dated July 26, 2023, at 1 (ECF No. 610). Because jurisdiction of this matter has been transferred, the Court respectfully requests that the SDNY Clerk's Office forward the attached motion of Mr. Sanchez to the District of New Jersey for its consideration.

Date: April 30, 2025
New York, New York

RICHARD M. BERMAN, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

Crim. No. 16-cr-500 (RMB)

CESAR SANCHEZ,

DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

Cesar Sanchez, proceeding pro se, respectfully moves this Honorable Court for an order terminating his supervised release pursuant to 18 U.S.C. § 3583(e)(1). Having successfully completed over 15 months of his five-year term of supervised release, Mr. Sanchez has demonstrated exemplary conduct and full compliance with all conditions imposed by the Court. His supervising probation officers do not object to early termination; however, the government opposes.

## I. BACKGROUND

On October 2, 2018, Mr. Sanchez pled guilty to distribute 500 grams or more of cocaine one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. He was sentenced on January 23, 2019, the Court sentenced Sanchez to 68 months' imprisonment followed by 5 years of supervised release. After serving approximately five years in custody, Mr. Sanchez was granted home confinement under the CARES Act due to his minimum PATTERN score and was permitted to obtain employment. He was released from Bureau of Prisons (BOP) custody and began his term of supervised.

Since his release, Mr. Sanchez has maintained stable employment, reestablished family connections, and remained fully compliant with all conditions of supervision. His initial probation officer, and current probation officer, have expressed no objection to the early termination of his supervised release.

## II. LEGAL STANDARD

Under 18 U.S.C. § 3583(e)(1), the Court has discretion to terminate a term of supervised release after considering the factors set forth in 18 U.S.C. § 3553(a), if it is satisfied that such termination is warranted by the conduct of the defendant and the interests of justice. Courts have recognized that continued supervision is unnecessary when a defendant has demonstrated rehabilitation and full compliance. See United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020); United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014).

## III. ARGUMENT

A. Mr. Sanchez's Conduct Warrants Early Termination

Mr. Sanchez has satisfied all conditions of his supervised release, maintained stable employment, and reintegrated into society without incident. His dedication to lawful employment and financial stability demonstrates his commitment to rehabilitation.

Additionally, Mr. Sanchez has prioritized his family responsibilities, providing for his mother and siblings, strengthening relationships with his children, and contributing positively to his community. His behavior aligns with the purpose of supervised release, which is to facilitate reintegration, rather than serve as additional punishment.

B. The Interests of Justice Support Early Termination

Supervised release is intended to assist in an offender's transition into society, not to serve as an unnecessary burden when rehabilitation has been achieved. The Judicial Conference has recognized early termination as a cost-effective strategy, allowing probation resources to be focused on higher-risk offenders. See Memorandum from Hon. Robert Holmes Bell, Chair of the Judicial Conference Committee on Criminal Law (Feb. 16, 2012).

Given Mr. Sanchez's complete compliance and successful reintegration, continued supervision serves no rehabilitative purpose and places an unnecessary strain on probation resources. The Sentencing Commission has found that early termination does not increase recidivism rates and is an appropriate measure for low-risk individuals. See United States Sentencing Commission, Federal Offenders Sentenced to Supervised Release (July 2010).

C. Mr. Sanchez Presents No Risk to Public Safety

Statistical research indicates that the risk of recidivism declines significantly after the first year of supervised release. See Sentencing Commission, Recidivism Among Federal Offenders: A Comprehensive Overview (March 2016). Having completed over 15 months of supervision without incident, Mr. Sanchez has demonstrated that he is a low risk for reoffending. His professional and personal commitments further support the conclusion that he poses no danger to the public.

IV. CONCLUSION

For the foregoing reasons, Mr. Sanchez respectfully requests that the Court grant his motion for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1). His exemplary conduct, compliance with supervision requirements, and commitment to lawful reintegration support this request, and termination is in the interests of justice

Respectfully submitted,


/s/ Cesar Sanchez
Cesar Sanchez
393 Orchard Terrace
Bogota, NJ 07603

DATED: April 16, 2025

CERTIFICATE OF SERVICE

I, Cesar Sanchez, Pro se, hereby certify that copies of this Motion for Early Termination of
Supervised Release have been served via First-Class Mail upon Assistant United States Attorney
for the Southern District of New York Hon RICHARD M. BERMAN, U.S.D.J.

/s/ Cesar Sanchez
Cesar Sanchez

*District Judge*
# Hon. Richard M. Berman

Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**Deputy Phone:** (212) 805-6715

**Courtroom:** 17B
**Chambers Phone:** (212) 805-6715